## 6524

### STATE v. DANIEL.

POLLING JURY.—Neither party has the absolute right to have the jury polled, but it is within discretion of trial Judge. A jury may be sent back to amend a verdict to conform to the finding after publication of verdict and usual assent, upon being polled by the Court on motion of solicitor against objection of defendant.

Before DANTZLER, J., Greenwood, July, 1906. Affirmed.

Indictment against Will Daniel. Defendant appeals.

*Mr. Ellis G. Graydon,* for appellant, cites: *As to the right to a poll of the jury:* 1 McC., 525; 32 S. C., 45; 7 Rich., 412. *As to power of Court to correct a verdict:* Rapalze on Crim. Proc., sec. 374; 13 S. C., 1; Rice, 431; 24 S. C., 109.

*Assistant Attorney General Barron,* contra. Oral argument.

April 23, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The facts are thus stated in the record: "The defendant was indicted and tried at the regular July Term, 1906, of the Court of General Sessions for Greenwood, on an indictment for assault and battery with intent to kill. The indictment was in the usual form. The testimony was taken and argument of counsel had. The presiding Judge, Hon. C. G. Dantzler, charged the jury and they retired. After being out for some time, they returned into the Court room. The clerk called over the names of the jurors and asked if they had agreed on a verdict. The foreman of the jury answered that they had. He then delivered the record to the sheriff, who handed it to the clerk. The clerk read the verdict, as follows: 'We find the defendant guilty of assault of a high and aggravated nature.' The clerk then addressed the usual question to the jury: 'That is your verdict, and so say you all?' There was no dissent expressed by the jury. The solicitor then arose in his place and asked that the jury be polled. The defendant's attorney objected to polling the jury on the ground that no reason had been given why the jury should be polled. The presiding Judge, notwithstanding the objection of the defendant, asked the jury if the verdict published was their verdict. The foreman and another member of the jury stated that the jury had intended to find the defendant guilty of assault and battery with intent to kill, and the foreman stated that he inadvertently omitted to insert the words 'and battery' in the verdict. The presiding Judge, against the objection of the defendant, then instructed the jury to retire and correct their verdict. The jury then retired and shortly afterwards returned into Court with the following verdict: 'We find the defendant guilty of assault and battery of a high and aggravated nature.' When the defendant was called up for sentence, he moved the Court to arrest the judgment on the ground that the record showed that the verdict of the jury was illegally rendered for the reason above set out. Notwithstanding the objection of the defendant, the Court sentenced him to

six months at hard labor on the public works of Greenwood County, or in the State penitentiary or to pay a fine of fifty dollars."

The defendant appealed upon exceptions, which as stated in the argument of appellant's attorney, raise the following questions:

"1. Did the presiding Judge have the right to poll the jury on motion of the solicitor?

"2. Did he have the right to allow the jury to change the verdict and make it more unfavorable to the defendant after it had been duly published by the clerk and agreed to by the jury, the said verdict being in every respect formal and regular?

"3. Did he have the right to pronounce judgment on a verdict so rendered?"

The cases of *Martin* v. *Maverick,* 1 McC., 24; *State* v. *Allen,* 1 McC., 525; *State* v. *Wise,* 7 Rich., 412, and *State* v. *Wyse,* 32 S. C., 45, decide that neither party has the absolute right to have the jury polled, but it is a matter addressed to the discretion of the presiding Judge.

In the present case, the discretion was wisely exercised, for it prevented the jury from rendering a verdict different from that upon which it had agreed.

The foregoing views dispose of two and three grounds of appeal.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.