9742

STATE v. HUGHES.

(93 S. E. 5.)

HOMICIDE—INSTRUCTIONS—MANSLAUGHTER—EVIDENCE TO SUPPORT.—In a trial for murder, where it appears that defendant was a convict on a chain gang and deceased a guard, that the guard had threatened defendant, that defendant expected punishment on night of homicide, and that defendant was working at the time under direction of deceased and hit him with a shovel lying near by, the Court erred in refusing to charge jury on subject of manslaugher; there being evidence from which to find verdict of manslaughter.

Before RICE, J., Spartanburg, April, 1916. Reversed.

William Hughes having been convicted of murder appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *As to manslaughter:* 52 Am. Dec. 711; Crim. Code, sec. 148; Clark Crim. Law 165; 66 S. C. 422; 34 S. C. 129; 66 S. C. 475; 79 S. C. 390. *Issue for jury:* 28 S. C. 572; 101 S. C. 111; 104 S. C. 258; 106 S. C. 272; 29 S. C. 34; 78 S. C. 186. *Omission to charge:* 58 S. E. 859; 88 S. E. 822; 50 Atl. 571. *Rights of convict:* 66 S. E. 788.

*Mr. Solicitor Blackwood,* for respondent.

July 7, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an indictment for murder. The appellant was a convict on the chain gang. The deceased was a guard on the chain gang. The deceased had been warned against the appellant, because the appellant was serving a life sentence. The guard threatened to shoot the appellant and punish him severely if he made any signs of resistance.

There is testimony that the appellant expected punishment on the night of the homicide. The appellant was working on the road under the direction of the deceased. There were several tools lying near by, some of which were unquestionably deadly weapons. The appellant took up a shovel and hit the deceased with the broadside of the shovel. The blow struck the guard at a vital spot and killed him.

The presiding Judge submitted the question of self-defense to the jury, but refused to submit the question of manslaughter. This refusal is made a ground of appeal and is the question in this case.

There is evidence from which the jury might have found a verdict of manslaughter. It is not proper for this Court to discuss the evidence. It is sufficient to say that there is evidence from which the jury could have found a verdict of

manslaughter, and the law governing that subject should have been charged.

The judgment is reversed, and a new trial is ordered.

MR. CHIEF JUSTICE GARY did not participate in the consideration of this case.