## 21452

The STATE, Respondent, v. Michael LINDER, Appellant.

(278 S. E. (2d) 335)

*David I. Bruck* and *Chief Atty. John L. Sweeny* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Kay G. Crowe,* Columbia, *Sol. Randolph Murdaugh, Jr.,* Hampton, *for respondent.*

*Henry F. Floyd, Pickens, I. S. Levy Johnson* and *Jean H. Toal,* Columbia, *David W. Keller, Jr.,* Florence, and *Theo W. Mitchell,* Greenville, *for amicus curiae.*

May 14, 1981.

HARWELL, Justice:

Michael Linder was found guilty of grand larceny and of the murder of Patrolman Willie Peeples of the South Carolina Highway Patrol in the first phase of a bifurcated capital trial. He was sentenced to death upon recommendation of the trial jury at the end of the second phase. This case consolidates Linder's direct appeal and our mandatory review of the death sentence. We reverse the convictions, vacate the death penalty and remand for a new trial.

Appellant Linder first contends that the trial judge erred in refusing his request to charge voluntary manslaughter at the guilt phase of the trial. We agree.

It is undisputed that Patrolman Peeples undertook to stop the appellant when the patrolman's unit radar indicated that appellant was apparently speeding on a public highway at a speed in excess of 70 miles per hour. Peeples gave chase for an extended time. Linder refused to obey the blue light.

The events which are in dispute occurred on an isolated stretch of a lightly travelled road.

The State's version of events is that the patrolman overtook Linder on this stretch of road and was in the process of making a valid arrest and investigation when Linder suddenly surprised him and shot him fatally with a theretofore concealed revolver. Linder then took the patrolman's revolver and ran away to hide, only to be tracked down and apprehended in the general area of the fatal shooting.

Linder's version of the clash differs substantially from the State's. He alleges that Peeples bumped his motorcycle with the patrol car, thereby knocking him to the ground. He states that his revolver was somehow loosened from its leg holster. He asserts that the patrolman began to fire on him and that he reached for his weapon and returned the fire. He alleges that he then panicked and ran from the scene of the shooting.

At trial Linder pled, and the trial judge charged, self-defense. Linder's counsel also requested that the court charge voluntary manslaughter as a possible verdict which the jury could find under the facts. This request was refused.

The law to be charged must be determined from the evidence presented. *State v. Rogers,* S. C., 272 S. E. (2d) 792 (1980); *State v. Jones,* 273 S. C. 723, 25 S. E. (2d) 120 (1979). The question to be resolved is whether the jury could find that Linder accomplished an unlawful killing of a human being in sudden heat of passion upon a sufficient legal provocation. We believe that sufficient evidence was placed in issue to submit the matter to the jury.

Under either version of the facts the jury could find Linder had failed to establish each element of the self-defense. Nonetheless, under Linder's version of the facts the jury could find sufficient provocation for a heat of passion by concluding that the officer used unnecessary

force under the circumstances. The general rule is set forth at 40 C. J. S. Homicide § 50(a) at 915:

"A lawful arrest or detention in a lawful manner by an officer . . . will not constitute an adequate provocation for heat of passion reducing the grade of the homicide to manslaughter; nor will other lawful acts of officers while in the discharge of their duties constitute adequate provocation . . .

"The killing may be only manslaughter where a legal arrest is attempted in an unlawful manner, as when the passion of the accused is aroused by employment of unnecessary violence."

We conclude simply by stating that the law governing voluntary manslaughter should have been charged. See, *State v. Hughes,* 107 S. C. 429, 93 S. E. 5 (1917).

Following the guilt phase of the trial, when the jury returned the guilty verdict, the trial judge conducted a jury poll. During the sentencing phase of the trial, defense counsel requested a poll of the jury to determine whether the death sentence remained each juror's recommendation. The trial judge however refused to conduct the poll, holding that a confirmation by the foreman that each juror had signed the recommendation as required by Section 16-3-20(C) would itself constitute a jury poll. The court then asked of the foreman whether each juror had signed the recommendation. Her affirmative reply then served in place of a poll. The appellant contends that this was error. We agree.

Polling is a practice whereby the court determines from the jurors individually whether they assented and still assent to the verdict. *Sanders v. Charleston Consolidated Railway & Lighting Company,* 154 S. C. 220, 151 S. E. 438 (1930). In *Sanders* this Court noted that "until a verdict has been published and recorded, it may be recalled and altered by the jury, and if it is made known to the court, when it is pro-

posed to render the verdict, that any one of the jurors does not then assent to it, such verdict cannot be received, but the record should be recommitted to the jury with directions to retire to their room until they have agreed . . ." 151 S. E. at 447 quoting *Devereux v. Champion Cotton Press Company,* 14 S. C. 396, 399 (1880) (Emphasis in original).

The trial judge must be satisfied that the verdict is unanimous. A jury poll is not absolutely required if the trial judge is otherwise assured that the above requirements have been met and if no request for a poll has been made by a party. Whether a poll of the jury will be conducted is discretionary with the trial judge unless a polling is requested. If the request is made, a poll must be taken. We establish this rule to dispel any doubt a party might entertain as to the propriety of a jury verdict as rendered. Language in our early cases suggesting a contrary rule is modified to conform to this holding. See, *State v. Wise,* 41 S. C. L. (7 Rich.) 412 (1854) ; *State v. Whitman,* 48 S. C. L. (14 Rich.) 113 (1866) ; *State v. Wyse,* 32 S. C. 45, 10 S. E. 612 (1890) ; *State v. Daniel,* 77 S. C. 53, 57 S. E. 639 (1907). *See also, State v. Simon,* 126 S. C. 437, 120 S. E. 230 (1923).

The appellant asserts that the solicitor in his closing argument and that the trial judge in his charge to the jury at the conclusion of the sentencing phase of the trial impermissibly implied to the jury that it did not possess the responsibility to determine appellant's fate. In this State, the jury is given the heavy responsibility of determining whether a convicted murderer will live or die. *State v. Tyner,* 273 S. C. 646, 258 S. E. (2d) 559 (1979) ; *State v. Gilbert* 273 S. C. 690, 258 S. E. (2d) 890 (1979).

Section 16-3-20(C) provides in pertinent part as follows:
"The jury, if its verdict be a recommndation of death shall, designate in writing, and signed by all members of the jury, the aggravating circumstance or circumstances which it found beyond a reasonable doubt . . . Where a statutory

aggravating circumstance is found and a recommendation of death is made, the court shall sentence the defendant to death. The trial judge, prior to imposing the death penalty, shall find as an affirmative fact that the death penalty was warranted under the evidence of the case and was not a result of prejudice, passion, or any other arbitrary factor. Where a sentence of death is not recommended by the jury, the court shall sentence the defendant to life imprisonment. In the event that all members of the jury after a reasonable deliberation cannot agree on a recommendation as to whether or not the death sentence should be imposed on a defendant found guilty of murder, the trial judge shall dismiss such jury and shall sentence the defendant to life imprisonment. The jury shall not recommend the death penalty if the vote for such penalty is not unanimous."

The appellant's counsel requested at trial that the trial judge explain more fully to the jury that its recommendation would be binding upon the court absent findings of an insufficiency of evidence or of any arbitrary factors. The trial judge declined to charge any further on this point, apparently concluding that an instruction to the jury that it was to recommend either a life or death sentence did not mislead the jurors into believing that their responsibility was somehow lessened. We find no error.

Use of the word "recommend" by the trial judge or solicitor is not *per se* suspect. Under the statute "recommendation" is the term applied to the jury's function at this phase of the trial. To instruct the jury that it will recommend what sentence the convicted murder *will be given* is not improper and does not mask the true nature of the jurors responsibility at this phase of the trial.

Section 16-3-20(C) of the statutory complex provides that when a capital case is heard by a jury, the trial judge must, in his sentencing phase instructions, include "any mitigating circumstances otherwise authorized or allowed by law and any . . . statutory aggravating and mitigating circum-

stances which may be supported by the evidence." The subsection then enumerates seven aggravating circumstances and nine mitigating circumstances. The purpose here is to assure that each sentence rendered in a capital case results from the attention of the sentencing authority having been drawn to the particularized circumstances of each case.

Appellant challenges the adequacy of the trial judge's charge and written instructions dealing with mitigating circumstances. Having now set this matter for retrial we need not discuss appellant's specific allegations. Instead, we here discuss the mitigating circumstances generally so as to provide guidance for the retrial of the matter.

The United States Supreme Court in *Lockett v. Ohio,* 438 U. S. 586, 98 S. Ct. 2954, 57 L. Ed. (2d) 973 (1978) concluded:

". . .(T)hat the Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering *as a mitigating factor,* any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." 438 U. S. at 604, 98 S. Ct. at 2965, 58 L. Ed. (2d) at 990. (Emphasis in original)

As can readily be noted from the language in *Lockett* quoted above, "any mitigating circumstances otherwise authorized or allowed by law" would simply be any aspect of the defendant's character or record and any of the circumstances of the offense proffered as a basis for a sentence less than death which are supported by competent evidence. The burden is upon the jury to weigh the evidence submitted and determine whether the mitigating factor exists and, if so, the significance to be accorded it. Since the statutorily listed mitigating circumstances are not exclusive, the statutory instructions as to aggravating and mitigating circumstances given to the jury must not imply that only the

statutory mitigating factors may be considered. Alhough the jury must be told that they may consider "any mitigating circumstances . . ." this does not require that they be given to the jury in writing as is required for the statutory mitigating circumstances.

The appellant next alleges that the closing argument of the solicitor at the guilty phase of the trial was so prejudicial that it denied him a fair trial. *State v. Durden,* 264 S. C. 86, 212 S. E. (2d) 587 (1975). We note from the record that at one point in the solicitor's argument the trial judge warned him that he was "getting a little far afield". Following the argument, counsel for the defense moved for a mistrial; the motion was denied.

While the solicitor should prosecute vigorously, *State v. Davis,* 239 S. C. 280, 122 S. E. (2d) 633, his duty is not to convict a defendant but to see justice done. *State v. Allen,* 266 S. C. 468, 224 S. E. (2d) 881 (1976). The solioitor's closing argument must, of course, be based upon this principle. The argument therefore must be carefully tailored so as not to appeal to the personal bias of the juror nor be calculated to arouse his passion or prejudice. *State v. White,* 246 S. C. 502, 144 S. E. (2d) 481 (1965). The trial judge is vested with a broad discretion in dealing with the propriety of the argument of the solicitor to the jury. *State v. Durden, supra.* Once the trial judge has allowed the argument to stand, as here, the defendant must bear the burden of demonstrating that the argument in effect denied him a fair determination of his guilt or innocence. On appeal, this Court will review the alleged impropriety of argument in the context of the entire record.

Having thoroughly reviewed the record with regard to this exception, we decline to discuss the challenged argument at length here since we have already determined that the matter must be retried. Instead, we admonish the solicitor on retrial to stay "within the record and its rea-

sonable inferences . . ." *State v. Durden, supra,* 212 S. E. (2d) at 590, quoting 23 C. J. S. Criminal Law § 1107.

The appellant contends that the South Carolina Death Penalty Statutory Complex, Sections 16-3-20 *et seq.,* Code of Laws of South Carolina (1976) is constitutionally defective. We find no reason to depart from our prior holdings that the complex is constitutional. *State v. Shaw,* 273 S. C. 194, 255 S. E. (2d) 799, cert. denied 444 U. S. 957, 100 S. Ct. 437, 62 L. Ed. (2d) 329 (1979), petition for rehearing denied, 444 U. S. 1027, 100 S. Ct. 694, 62 L. Ed. (2d) 662 (1980), and cert. denied 444 U. S. 1026, 100 S. Ct. 690, 62 L. Ed. (2d) 660, petition for rehearing denied, 444 U. S. 1104, 100 S. Ct. 1073, 62 L. Ed. (2d) 791 (1980); *State v. Goolsby,* S. C., 268 S. E. (2d) 31 (1980).

The appellant petitioned this Court for leave to argue against our holding in *State v. Bolton,* 266 S. C. 444, 223 S. E. (2d) 863 (1976) that self-defense as an affirmative defense is not constitutionally invalid. Having carefully considered the arguments raised, we adhere to our reasoning as expressed in *Bolton.*

The appellant also argues that the trial judge erred by disqualifying prospective jurors from service on the jury panel who were absolutely opposed to capital punishment under any circumstance. This action is alleged to violate Section 16-3-20(E) which addresses the circumstances under which a person may be disqualified from service on the panel. We find no error. The trial judge had a reasonable basis to conclude that these prospective jurors would be unable to faithfully discharge their responsibilities as jurors under the law. *State v. Goolsby, supra.* See *State v. Tyner,* 273 S. C. 646, 258 S. E. (2d) 559 (1979).

Appellant's three remaining exceptions concern evidentiary matters, the disposition of which are unnecessary to this de-

cision. On retrial these matters may not become issues. We therefore decline to address these exceptions

Reversed and remanded for a new trial.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.