21817

The STATE, Respondent, v.
Michael A. Godwin SLOAN, Appellant.
(298 S. E. (2d) 92)

*David I. Bruck*, of *S. C. Commission of Appellate Defense*, Columbia, and *Daniel A. Beck, James E. Barfield*, and *R. Knox McMahon*, Lexington, *for appellant*.

*Atty. Gen. Daniel R. McLeod, Senior Asst. Atty. Gen. Brian P. Gibbes* and *Asst. Atty. Gen. Martha L. McElveen*, Columbia, and *Sol. Donald V. Myers*, Lexington, *for respondent*.

Dec. 6, 1982.

NESS, Justice:

Appellant Michael A. Godwin Sloan was convicted of murder and first degree criminal sexual assault and sentenced to death. We conclude the numerous errors committed cumulatively denied appellant a fair trial. We reverse the conviction, vacate the sentence and remand for a new trial.

Appellant argues several improprieties in the solicitor's guilt phase argument. First, he contends the solicitor's comment that appellant's attorneys had not overtly asserted his innocence injected a constitutionally in-

tolerable element of unreliability into the fact-finding process.

> ". . . [Appellant's attorney said] someone else could have done it and probably was the one who murdered Miss Royem other than the defendant. Did he tell you that [appellant] didn't do it? He didn't tell you that."

Contrary to the inference the jury was asked to draw, an attorney has an ethical responsibility to refrain from expressing to the jury his personal beliefs about the merits of a case. DR 7-106(C)(4), Code of Professional Responsibility. The solicitor's remark invited the jury to speculate concerning the attorney's belief in his client's innocence, and was improper. *State v. Woomer*, 276 S. C. 258, 284 S. E. (2d) 357 (1981); see also *Greenberg v. U. S.*, 280 F. (2d) 472 (1st Cir. 1960).

> The solicitor also argued during the guilt phase that if appellant was not convicted, the murder would forever remain unsolved.

> ". . . If you think the truth is that he is not guilty, then let [the victim] rest. And forever be unsolved."

This remark also invited the jury to speculate about a matter irrelevant to appellant's guilt (i.e., whether the murder would be solved) and diverted the jury from its duty to decide guilt or innocence solely on the evidence presented. This appeal for a verdict based on fear and speculation constituted an arbitrary factor affecting appellant's guilt, in violation of S. C. Code Ann. § 16-3-25(C)(1) and the Eighth Amendment. *Cf. State v. Butler*, S. C., 290 S. E. (2d) 420 (1982).

> Next, appellant asserts the trial court erred in allowing the State to impeach its own witness during the guilt phase. The State's case against appellant was based on two key pieces of evidence, one of which was a broken Timex watch found at the crime scene. The State called as a witness appellant's father, Charles Godwin, to establish the watch belonged to appellant. Mr. Godwin had identified the watch as his son's more than a year prior to trial; however, the State learned during jury selection that Mr. Godwin no longer believed the watch to be his son's.

Mr. Godwin testified on direct examination for the State that he had earlier identified the watch found at the scene,

that at the time he identified it he truly believed it to be his son's, but that he had subsequently discovered his son's watch in a desk drawer at home. The State then questioned Mr. Godwin in an attempt to show that his testimony concerning the discovery of his son's watch was recently fabricated. This attempt to show recent fabrication clearly was intended by the State to impeach its own witness and should not have been allowed. *State v. Ellefson*, 266 S. C. 494, 224 S. E. (2d) 666 (1976).

Appellant next contends the trial court erred in admitting evidence that appellant had at one time threatened a State's witness. A former Department of Youth Services employee testified appellant visited him at his home near the date of the crime and that the visit made him nervous. When asked why the visit made him nervous, the witness answered over appellant's objection:

> "Well, there had been at some time in the past that his intentions had been made clear to me and I was rather fearful for my family at the time ..."

Appellant had not testified and his character was not at issue. Assuming the testimony established the prior threats by clear and convincing evidence as required by *State v. Conyers*, 268 S. C. 276, 233 S. E. (2d) 95 (1977), the evidence was not relevant to any issue conceivably before the jury. *State v. Brooks*, 235 S. C. 344, 111 S. E. (2d) 686 (1959). The testimony should not have been admitted.

Appellant next argues the trial court erred in admitting evidence that appellant made no attempt to talk to the police prior to being served with the arrest warrant. We agree. The prosecution may not use at trial the fact that a defendant stood mute in the face of accusation, except for impeachment purposes. *Jenkins v. Anderson*, 447 U. S. 231, 100 S. Ct. 2124, 65 L. Ed. (2d) 86 (1980); *Miranda v. Arizona*, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966). Here, the defendant did not testify and thus did not cast aside his right to remain silent.

In addition to these guilt phase errors, several errors occurred during the sentencing phase. We address these issues to guide the trial court should they again arise on retrial.

First, appellant contends the solicitor improperly commented upon appellant's silence in violation of the Fifth Amendment.

During the sentencing trial, the solicitor made several remarks concerning appellant's refusal to discuss his case with the State's psychiatrist. In *Estelle v. Smith*, 451 U. S. 454, 101 S. Ct. 1866, 68 L. Ed. (2d) 359 (1981), the United States Supreme Court recognized the existence of a Fifth Amendment privilege for custodial psychiatric examinations. We agree with the State that it is unfair to allow a defendant to assert this privilege and yet introduce his own psychiatric testimony at trial. However, we perceive the proper remedy to be exclusion of the defendant's psychiatric testimony, rather than violation of the defendant's Fifth Amendment rights. The solicitor should not have been allowed to exploit appellant's refusal to talk to the State's psychiatrist.

Finally, appellant argues the solicitor's closing argument in the sentencing phase was improper. We agree and note that this error was the most egregious of the many errors committed.

The solicitor urged the jury to consider appellant's plea of not guilty as evidence that appellant lacked remorse.

"Has anyone said to you he's sorry, sorry for what he did? ... What have you been told up until you found him guilty. He has pled not guilty. As he sits in this courtroom he is not guilty ... Is that someone who wants to be rehabilitated?"

This argument was clearly improper, as no right is more fundamental than the right of an accused to plead not guilty and put the State to its proof. A defendant's exercise of his right to plead not guilty is never a permissible basis upon which to impose the death penalty; this is particularly true in a capital case in this state, where a defendant *must* plead not guilty to have his sentence determined by a jury. S. C. Code Ann. § 16-3-20(B).

Additionally, the solicitor attempted to minimize the jury's sense of responsibility for appellant's fate by stressing that many others had already made the decision he was asking them to make.

"... Some people have done that. The legislature did it when they passed the death penalty law. The governor did it when he signed it into being. The officers did it when they signed the arrest warrant. The grand jury did it when they signed this indictment. I did it when I signed my name on the Notice informing them the State would seek the death penalty. And you're being called on now ... The people before you have signed their names ... Would you do like others and sign your name ...?"

We condemned similar arguments in *State v. Woomer,* supra, and *State v. Butler,* S. C., 290 S. E. (2d) 420 (1982). The argument was no less improper here.

We have carefully considered appellant's remaining exceptions and find they are without merit.

Reversed and remanded for a new trial.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.