21892

The CITY OF CAYCE, Appellant, v. J. Wilton GRAVES, Respondent.
(301 S. E. (2d) 755)

*Donald D. Aaron,* Columbia, *for appellant.*

*John G. Felder* of *Felder & Whetstone,* St. Matthews, and *H. Fred Kuhn, Jr.,* of *Moss, Bailey, Dore & Jessee,* Beaufort, *for respondent.*

March 31, 1983.

NESS, Justice:

Respondent J. Wilton Graves was convicted of driving under the influence of intoxicants. He appealed his conviction to the circuit court on the ground that cumulative references to his status as a legislator made a fair trial impossible. The circuit court set aside the conviction, and the City of Cayce appeals. We affirm.

After respondent was arrested, a state highway patrolman was summoned to drive respondent to his home.

In closing argument, the prosecutor stated to the jury:

"... Talk about special treatment. You get locked up tomorrow night and put in jail and see if the highway patrol will provide you taxi service home ... Was he ever locked up? Was he ever put in a cell? Absolutely not. Special treatment."

Respondent's objection to this argument and prior objections to related testimony were overruled.

Respondent contends the prosecutor was improperly allowed to prejudice the jury by suggesting that because respondent was a legislator, he was accorded special privileges which members of the jury would not have received had they been in respondent's predicament.

We have repeatedly held that while a prosecutor should prosecute vigorously, his arguments must be carefully tailored to avoid appealing to a juror's personal bias or arousing his passion or prejudice. *State v. Sloan*, S. C., 298 S. E. (2d) 92 (1982); *State v. Linder*, 276 S. C. 304, 278 S. E. (2d) 335 (1981).

We hold that the city recorder erred in admitting evidence of the highway patrol's treatment of respondent. The evidence and argument were potentially prejudicial and wholly irrelevant to whether respondent was driving under the influence. Clearly, the prosecutor was attempting to inflame the jury.

We affirm the circuit court's order remanding the case for a new trial. Appellant also raised an issue relating to the admission of a breathalyzer test. Because the issue may arise again on trial, we address it to provide guidance to the trial court.

The circuit court properly dismissed respondent's technical exception to breathalyzer evidence. Specifically, respondent contended that unauthorized equipment was used to establish his blood alcohol content as .19%, considerably above the figure of .10% which supports a statutory presumption of intoxication. Section 56-5-2930, 1976 Code of Laws, as amended. Breathalyzer equipment must be approved for use by the South Carolina Law Enforcement Division (SLED) under Section 56-5-2950(a), 1976 Code of Laws, as amended, and Rule 73-2, Rules and Regulations of SLED. Pursuant to these requirements, SLED approved various models of breath testing devices manufactured by Stephenson Corporation, Red Bank, New Jersey. The Breathalyzer employed in this case was manufactured by Smith and Wesson, but the testi-

mony reveals that Stephenson Corporation was acquired by Smith and Wesson in 1971. Thus the machine was the same machine previously approved; it simply bore a different name. To have suppressed the probative evidence of the breathalyzer test on the basis advanced by respondent would have been technical in the extreme. The City Recorder ruled properly and was correctly sustained by the circuit court.

Affirmed.

LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

LEWIS, C. J., dissents and concurs.

LEWIS, Chief Justice (dissenting and concurring):

The City of Cayce appeals from a ruling of the circuit court granting a new trial to the respondent, the Honorable Wilton Graves. While serving as a member of the South Carolina General Assembly, the respondent was stopped by city officers in Cayce, charged with operating a motor vehicle while under the influence of intoxicants, and subsequently convicted by a jury in the city recorder's court. The conviction was appealed to the circuit court and was set aside. I would reverse and reinstate the conviction.

In appealing to the circuit court, respondent raised five issues: (1) improper admission of breathalyzer evidence; (2) failure to suppress his arrest which he deemed in violation of Article 3, Section 14, South Carolina Constitution, granting legislative immunity; (3) improper admission of the testimony of a Highway Patrolman; (4) improper argument by counsel for the City of Cayce; (5) prejudicial comment by the City Recorder. Interwoven with the last three exceptions was a contention by respondent that cumulative references to his status as a legislator made a fair trial impossible.

The circuit court rejected the first and second exceptions, but granted relief based upon the last three. Respondent has here advanced the first two exceptions as additional sustaining grounds, but no argument is made in briefs regarding legislative immunity. I deem that issue abandoned.

I agree that the breathalyzer evidence was admissible and concur in the disposition of the issue in the majority opinion.

A State Highway Patrolman testified at trial that he was summoned to the Cayce City Police Department on the night

of respondent's detention in order to pick up respondent and deliver him safely to his local residence. The officer testified that when respondent was released to him by the City police, he had to "assist him into the car" "because he [the respondent] was very much under the influence of an alcoholic beverage," "he was staggering," and "his coordination wasn't too good." All this took place two hours after respondent was stopped. In view of respondent's defense that he was not highly intoxicated, the testimony of this Highway Patrolman was clearly relevant and pertinent to the extent and continuing nature of his inebriation. The evidence was properly admitted, and the circuit court erred in granting relief based upon respondent's third exception.

During closing argument, counsel for the City of Cayce invited the jury to reflect upon respondent's repeated claims during the trial that he did not want special treatment by reason of his legislative status and that he wanted to be judged simply as a fellow citizen. Counsel referred back to the Highway Patrolman's testimony and to the fact that the officer had been summoned to transport respondent to his apartment: "They come up here and they say, 'we don't want special treatment.' You talk about special treatment. You get locked up tomorrow night and put in jail and see if the highway patrol will provide you taxi service home." Counsel for respondent objected to the statement, and counsel for Cayce rejoined, "That's the facts, Your Honor." The Recorder then stated, "Yes, sir," and overruled the objection. Motion for mistrial was made and denied.

There was no impropriety in the argument of the City attorney since his contention was based upon undisputed evidence. The fact was that an officer of the highway patrol did provide "taxi service home" for the respondent. In view of respondent's argument that he sought no special treatment, the argument of the City was clearly responsive to contentions made. I find no abuse of discretion in permitting the argument, in overruling the objection, or in denying the motion for mistrial. In like manner I cannot accept respondent's view that cumulative references to his legislative status made a fair trial impossible. Moreover, the evidence on its own amply supports the verdict. It was error for the circuit court to reverse the conviction on the ground of improper argument and cumulative prejudice.

Finally respondent excepts to the Recorder's utterance of the words, "Yes, Sir," immediately after the City Attorney exclaimed, "That's the facts, Your Honor." Respondent urges that these words amounted to comment upon the facts. There is no way upon the cold record to determine if the court meant an emphatic affirmation of counsel's statement or simply used this expression to acknowledge he had heard enough. We note from the record as a whole that the Recorder employed this phrase interchangeably with "All right, Sir," and "Thank you, Sir," and as frequently in response to arguments of the defendant as to arguments of the City. While other words might be used at such moments, I find no actual prejudice from this usage. In the final analysis, the City attorney was factually correct in asserting that the record supported his statement without dispute. If in fact the City Recorder was expressing his agreement, a finding which I do not expressly make, there could be no legal prejudice from the affirmation of uncontradicted evidence. Accordingly it was error to reverse the conviction upon the ground of comments by the trial court.

The order of the circuit court should be reversed and the verdict and judgment of the Recorder's Court reinstated.