22080

Albert THOMPSON, Appellant, v. James AIKEN, Warden, Respondent.
(315 S. E. (2d) 110)

Supreme Court

*David I. Bruck,* Columbia, *H. W. Pat Paschal, Jr.,* Greenville, and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Donald J. Zelenka,* Columbia, *for respondent.*

April 10, 1984.

LEWIS, Chief Justice:

This matter is before the Court upon a writ of certiorari after post-conviction relief was denied by the trial court. The petitioner was convicted of murder in the commission of

robbery while armed with a deadly weapon. Section 16-3-20 (C)(a)(1)(e), Code of Laws of South Carolina, 1976. This Court thereafter affirmed the conviction and sentence of death on direct appeal. *State v. Thompson,* 278 S. C. 1, 292 S. E. (2d) 581, cert. denied, 456 U. S. 938, 102 S.Ct. 1996, 72 L.Ed (2d) 458.

We need deal with only a few of the numerous questions raised before the trial court. Foremost among the issues here presented is the closing argument of the Solicitor during the sentencing phase of appellant's trial. That was held in September 1980, and arguments on direct appeal were made before this Court in May 1981.

Subsequently, in the case of *State v. Woomer,* 277 S. C. 170, 284 S. E. (2d) 357, an appellant under sentence of death for the first time directed our attention to certain arguments of the Solicitor which had put before the jury his personal opinion, referring specifically to his own decision to seek the death penalty in the case. We held this argument to be prejudicial in that it introduced an arbitrary factor into the jury deliberations. In a series of later cases we have been constrained to reach the same conclusion. *State v. Butler,* 277 S. C. 543, 545, 290 S. E. 420; *State v. Sloan,* 278 S. C. 435, 441, 298 S. E. (2d) 92; *State v. Smart,* 278 S. C. 515, 526-527, 299 S. E. (2d) 686, cert. denied, _____ U. S. _____, 103 S.Ct. 1784, 76 L.Ed (2d) 353; *State v. Koon,* 278 S. C. 528, 538, 298 S. E. (2d) 769.

We have closely studied the arguments of the Solicitor in the present case and are unable to distinguish them from those held to constitute arbitrary factors in these recent cases. We conclude that the trial court erred in ruling that the Solicitor's closing statement was not prejudicial. Accordingly, we grant the petitioner's request for a new trial as to sentence. In light of this holding, it is not necessary to address petitioner's remaining objections to the Solicitor's arguments. Such matters as threats to repeal the death penalty statute and insinuations that a not guilty plea shows lack of remorse have already been held improper in recent decisions. *State v. Sloan supra; State v. Smart, supra.* We assume that these holdings will govern the sentencing retrial in this case.

The petitioner has complained that the State withheld material evidence concerning the circumstances of this aggravated murder. Specifically it is contended that the State

concealed its discovery of a weapon on the victim's person and a weapon under the counter behind which he was seated when he was shot. We take no position here on the materiality of such evidence, but we do note that upon retrial of this case the defendant will obviously have access to this information and any benefit to be derived from it. He will also have the opportunity to reconsider his earlier election not to present mitigating testimony. For these reasons we do not consider here the various complaints raised with respect to evidence and representation during the sentencing trial.

The record before this Court includes the full transcript of the post-conviction proceedings. Therein we find much testimony designed to support questions which we have declined to hear on this appeal. Among these questions is petitioner's allegation and attempted showing of a racially discriminatory pattern in prosecutorial decisions to seek a sentence of death. The petitioner submitted to the post-conviction court a deposition taken by Professor Raymond Paternoster, University of South Carolina, bolstered by statistical data which he had compiled. We feel it necessary to comment upon this submission in light of our concern expressed in *State v. Truesdale*, 278 S. C. 368, 371, 296 S. E. (2d) 528, about "unwise depletion of the obviously limited public funds available for the defense of indigents." Because we are convinced that the issue which petitioner sought to raise is not appropriately framed for resolution in the context of a capital case, we would recommend to the bench and bar that judicial resources be applied to more fruitful endeavors.

In the record before us, the petitioner has made an elaborate presentation of testimony and data purporting to show that prosecutors in this State consciously and systematically choose to seek the death penalty in a racially discriminatory manner. As noted by the post-conviction court in its Order, the petitioner has relied upon gross statistics and probabilities. The petitioner has elected not to consider various intangible factors entering into prosecutorial decisions. The petitioner has provided no direct testimony to support his charge that impermissible influences routinely distort the application of capital punishment throughout this State.

In the final analysis, the allegation of statewide "patterns" raised by a specific capital defendant has no real bearing upon

his individual guilt or innocence nor upon the correctness of any sentence imposed in his particular case. The commission of an aggravated murder places every potential defendant at risk; he may indeed be ultimately sentenced to death. On the other hand, he may never be caught. He may never be tried, for any number of reasons. He may plead guilty or be tried on a lesser charge. A jury may, for reasons of its own, elect to acquit him or, in sentencing, elect to spare his life. Our role as an appellate court is not to base rulings upon such possibilities. Far less are we entitled to intrude upon the operations of executive officers when we have no more than general data compiled for academic purposes.

The petitioner acknowledges that this Court has already settled the scope of proportionality review. *State v. Copeland*, 278 S. C. 572, 586-596, 300 S. E. (2d) 63, cert. denied, ____ U. S. ____ , 103 S.Ct. 1802, 76 L.Ed. (2d) 367. Prosecutorial discretion plays no role in such a review, yet the sole basis upon which this or any other petitioner could offer a showing of "patterns" would be an argument based on disproportionate punishment. We are not persuaded and accordingly we recommend that the bench and bar focus attention upon real and substantial issues in future capital cases.

The judgment below is reversed and new trial granted as to sentence.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.