22449

The STATE, Respondent, v. Chris THOMAS, Appellant.
(339 S. E. (2d) 129)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling*, of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Carlisle Roberts, Jr.*, all of Columbia, and *Sol. J. Dupre Miller*, Bennettsville, *for respondent.*

Heard Dec. 9, 1985.

Decided Jan. 16, 1986.

NESS, Chief Justice:

Appellant was convicted of armed robbery and assault and battery of a high and aggravated nature arising out of an assault on an elderly store clerk. We reverse and remand for a new trial.

During closing argument, the solicitor told the jury the case had already been examined by a magistrate and a grand jury, and a preliminary hearing had been held. He also said an appeal would enable a higher court to review any decision made by them.

We have repeatedly condemned closing arguments that lessen the jury's sense of responsibility by reference to preliminary determinations of the facts. See, e.g., *Thompson v. Aiken*, 281 S. C. 239, 315 S. E. (2d) 110 (1984); *State v. Sloan*, 278 S. C. 435, 298 S. E. (2d) 92 (1982); *State v. Butler*, 277 S. C. 543, 290 S. E. (2d) 420 (1982); *State v. Woomer*, 277 S. C. 170, 284 S. E. (2d) 357 (1981). We have also found error where the jury was advised their decision was subject to appellate review. *State v. Tyner*, 273 S. C. 646, 258 S. E. (2d) 559 (1979).

These statements to the jury are improper because they inject an arbitrary factor into jury deliberations. The dan-

ger is that a jury might be persuaded to rely on the opinion of others instead of exercising his independent judgment as to the facts. 75 Am. Jur. (2d), *Trial*, Section 261, p. 338. "Jurors are simply not to consider the opinions of neighbors, officials or even other juries." *State v. Smart*, 278 S. C. 515, 526, 299 S. E. (2d) 686 (1982). We caution solicitors that arguments of this kind can rarely be harmless.

In light of our reversal on this issue, it is unnecessary to reach appellant's other exceptions.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.