586 S.E.2d 153

**The STATE, Respondent,**

v.

**Monroe Roger RUDD, II, Appellant.**

**No. 3663.**

Court of Appeals of South Carolina.

Heard June 10, 2003.

Decided Aug. 4, 2003.

Rehearing Denied Sept. 17, 2003.

544

Assistant Appellate Defender Robert M. Pachak, of South Carolina Appellate Defense, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor Walter M. Bailey, Jr., of Summerville, for respondent.

HEARN, C.J.:

Monroe Roger Rudd, II, was convicted of committing a lewd act on a child. He appeals, arguing the trial court erred in overruling defense counsel's objections to statements made by the solicitor during closing arguments. We reverse.

## FACTS

Rudd lived with Mother and her eight-year-old daughter, Victim, for approximately seven years. Mother's job often required her to work the night shift, leaving Rudd to care for Victim. Victim testified that one evening, when Rudd and Victim were alone together, Rudd asked her to rub his head, which she did. Rudd then allegedly pushed her hand down to his chest and to his stomach. She stated: "And he kept pushing ... my hand to his private part and then I felt it."

Victim also testified that in separate incidents Rudd had her completely disrobe and lie down on the bathroom floor before getting into the shower. She stated that Rudd asked her to spread her legs while he examined her genitals without penetrating her vagina. Victim testified that Rudd's fingernails were painful to her. According to Victim, Rudd told her that he was examining her in an effort to determine whether she had developed an infection. Rudd allegedly performed these examinations approximately twice a week.

Finally, Victim testified that Rudd had showered with her on a prior occasion. She stated that both she and Rudd were naked at the time. She testified that Rudd helped her wash and rinse her hair because she had difficulty rinsing out all of the shampoo.

On March 6, 2001, Victim reported to school officials that Rudd had sexually assaulted her between the months of December 2000 and January 2001. Mother was called to the school and was present when Victim disclosed the alleged misconduct.

The State charged Rudd with first-degree criminal sexual conduct with a minor as well as committing a lewd act upon a child. At trial, several of the State's witnesses testified that Victim told them identical stories of the circumstances surrounding the alleged assaults. Mother testified that she

learned of the assaults from Victim when she arrived at the school where Victim first raised the allegations. Later that day, Victim affirmed her account of the alleged assaults while speaking with Patrolman Hubert Prince of the Dorchester County Sheriff's Office. Detective Thomas Marshall also testified that Victim's reports to him were consistent with her earlier accounts to Patrolman Prince, Mother, and an account appearing in the Low Country Children's Center reports. Victim's grandmother testified Victim told her about the sexual assaults, and it appeared that Victim was consistent in recalling the circumstances surrounding the incidents. Several healthcare professionals also testified that Victim related to them the same specifics of the alleged assaults.

At trial, Rudd testified in his defense. He admitted having washed Victim's hair, but claimed only to have been treating her for head lice. He also testified to examining Victim's genitals after she allegedly injured herself on a bicycle seat. However, Rudd denied ever being nude with Victim in the shower and he denied touching her improperly. Rudd also denied putting Victim's hand on his genitals.

At issue in this case are two separate comments made by the solicitor during her closing argument before the jury. First, the solicitor began her closing argument by stating:

> Ladies and gentlemen of the jury, the defense's argument is what we call the old cotton candy defense.... Reminds you of going to the fair when you're a child, you see the cotton candy, it looks nice and sweet and something good. When you get right down to it basically it's a lot of sugar spun up with hot air.

Rudd's counsel objected to this comment as improper and as "a scurrilous, at home and personal attack against opposing counsel." The trial court overruled the objection.

At a later point in her closing argument, the solicitor told the jury:

> A child is not sophisticated enough to fool everybody, ladies and gentlemen. The defendant has had many protections before he gets into this court of law to face you jurors. First of all, [Victim] would have to fool Deputy Prince, Lowcountry Children's Center, [and] Detective Marshall, who gets a warrant, has a magistrate sign a warrant.

There's a preliminary hearing before a magistrate before its bound over, there's a grand jury that true bills or no bills an indictment before this case is ever brought to you. So certainly a child's story—a child is not sophisticated enough to fool all these people.

Defense counsel objected, arguing the solicitor had improperly commented on prior procedures. The trial court again overruled counsel's objection.

The jury acquitted Rudd of first-degree criminal sexual conduct with a minor, but convicted him of committing a lewd act upon a child. Rudd was sentenced to a term of twelve years in prison. This appeal follows.

## ISSUES

I. Did the trial court err in determining the solicitor's statement, which compared the defense's argument to cotton candy, did not amount to an improper personal attack on defense counsel?

II. Did the trial court err in determining the solicitor's reference to prior procedures did not improperly reference preliminary determinations of fact?

## STANDARD OF REVIEW

The appropriateness of a solicitor's closing argument is a matter left to the trial court's sound discretion. *State v. Copeland*, 321 S.C. 318, 324, 468 S.E.2d 620, 624 (1996). An appellate court will not disturb a trial court's ruling regarding closing argument unless there is an abuse of that discretion. *State v. Penland*, 275 S.C. 537, 539, 273 S.E.2d 765, 766 (1981).

## LAW/ANALYSIS

### I.

Rudd argues that the solicitor's comparison of Rudd's defense to cotton candy amounted to an improper personal attack on defense counsel. Accordingly, Rudd insists the trial court erred in overruling defense counsel's objection to the statement. We disagree.

A solicitor's closing argument must be carefully tailored so it does not appeal to the personal biases of the jurors.

*Copeland,* 321 S.C. at 324, 468 S.E.2d at 624; *State v. Linder,* 276 S.C. 304, 312, 278 S.E.2d 335, 339 (1981). Further, the argument must not be calculated to arouse the jurors' passions or prejudices, and its content should stay within the record and reasonable inferences to it. *Simmons v. State,* 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998). It is improper for the solicitor to express before the jury his or her personal judgment about opposing counsel. *State v. Lunsford,* 318 S.C. 241, 246,-47, 456 S.E.2d 918, 922 (Ct.App.1995).

Here, the trial court did not abuse its discretion by overruling Rudd's objection to the solicitor's comparison of Rudd's defense to cotton candy. The solicitor is entitled, within reason, to question the credibility of Rudd's defense. *See Lunsford,* 318 S.C. at 246, 456 S.E.2d at 922 ("In telling the jury, 'so don't fall for that,' the solicitor was merely telling the jury that it should not credit defense counsel's argument regarding the absence of fingerprint evidence."). Counsel may fairly point out matters that the jury should not consider. *Id.* In Rudd's case, the solicitor's comment did not express her personal judgment about defense counsel; rather, her statement merely invited the jury to find Rudd's assertions at trial lacked credibility.

## II.

Rudd next contends the solicitor's reference to prior procedures constituted an improper reference to preliminary determinations of fact. We agree.

Our supreme court has repeatedly condemned closing arguments that lessen the jury's sense of responsibility by referencing preliminary determinations of the facts. *See, e.g., State v. Thomas,* 287 S.C. 411, 412, 339 S.E.2d 129 (1986) (citing *Thompson v. Aiken,* 281 S.C. 239, 315 S.E.2d 110 (1984); *State v. Sloan,* 278 S.C. 435, 298 S.E.2d 92 (1982); *State v. Woomer,* 277 S.C. 170, 284 S.E.2d 357 (1981)). "These statements to the jury are improper because they inject an arbitrary factor into jury deliberations. The danger is that a juror might be persuaded to rely on the opinion of others instead of exercising his independent judgment as to the facts. . . ." *Thomas,* 287 S.C. at 412–13, 339 S.E.2d at 129.

Here, the solicitor told the jury that Rudd "has had many protections before he gets into this court of law to face you

jurors." The solicitor then informed the jury that, in addition to numerous others who had examined Victim's allegations, a preliminary hearing was held before a magistrate, and the case had been presented to a grand jury. It is irrelevant that the solicitor's intent may have been to simply emphasize that Victim's story had remained consistent throughout the investigation. A statement of this type could have improperly lessened a juror's sense of responsibility to independently determine the facts of this case by permitting him or her to rely on the opinions of the investigators, the magistrate, and the grand jury. *See Thomas,* 287 S.C. at 412, 339 S.E.2d at 129 (condemning solicitor's comment that the case had already been examined by a magistrate and a grand jury, and that a preliminary hearing had been held). Accordingly, we hold the trial court abused its discretion by overruling Rudd's objection to this improper statement.

However, improper comments do not require reversal if they are not prejudicial to the defendant. *Johnson v. State,* 325 S.C. 182, 187, 480 S.E.2d 733, 735 (1997). On appeal, an appellate court will review the alleged impropriety of the solicitor's argument in the context of the entire record, including whether the trial judge's instructions adequately cured the improper argument and whether there is overwhelming evidence of the defendant's guilt. *Copeland,* 321 S.C. at 324, 468 S.E.2d at 624–25; *State v. Johnson,* 293 S.C. 321, 326, 360 S.E.2d 317, 320 (1987). The appropriate determination is whether the solicitor's comment so infected the trial with unfairness as to make the resulting conviction a denial of due process. *State v. Patterson,* 324 S.C. 5, 17, 482 S.E.2d 760, 766 (1997).

Victim alone provided the substantive testimony against Rudd. The State's other witnesses testified only that Victim told them about the assaults and that her account was consistent as to the time and place the events allegedly occurred. Rudd denied sexually assaulting Victim and testified that he only examined her to determine if she was injured in a bicycle accident. The jury's verdict ultimately depended upon whether they believed Victim's story was credible. Under these circumstances, the evidence of Rudd's guilt is not overwhelming; thus, we find the solicitor's comment was

unfairly prejudicial to Rudd.[1] As the supreme court has warned: "We caution solicitors that arguments of this kind can rarely be harmless." *Thomas,* 287 S.C. at 413, 339 S.E.2d at 129.

Moreover, we do not believe the trial court's jury charge cured the error. The trial court instructed the jurors to decide the case according to the testimony of sworn witnesses and other evidence without regard to any arbitrary factors. However, the trial court made no reference to the solicitor's comment regarding the "many protections" Rudd had received prior to the trial or the prior examinations by the magistrate, the grand jury, and others. The trial court's instruction to the jury was insufficient to cure the solicitor's improper comment. Considering the solicitor's closing argument in the context of the entire record, we cannot say the trial court's error in allowing the solicitor's improper comment was harmless.

## CONCLUSION

For the foregoing reasons, Rudd's conviction is **REVERSED.**

CONNOR and STILWELL, JJ., concur.

---

1. The State submits that because the jurors acquitted Rudd of the CSC charge, they could not have been prejudicially affected by the solicitor's comments. We find this argument unpersuasive. It is impossible for this court to determine what effect the solicitor's comment may have had on the minds of the jurors.