# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Randy Wright, Respondent.

Appellate Case No. 2021-000146

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Berkeley County
Maite Murphy, Circuit Court Judge

---

Opinion No. 28136
Heard February 8, 2023 – Filed March 1, 2023

---

## AFFIRMED

---

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Petitioner.

Appellate Defender Joanna Katherine Delany, of Columbia, for Respondent.

---

**JUSTICE JAMES:** A jury found Respondent Randy Wright guilty of assault and battery of a high and aggravated nature. The court of appeals reversed Wright's conviction and remanded for a new trial, holding (1) the trial court erred in denying

Wright's request that the jury be individually polled and (2) the trial court's denial of the request was reversible per se. *State v. Wright*, 432 S.C. 365, 370, 373, 852 S.E.2d 468, 471-72 (Ct. App. 2020).

We affirm the court of appeals' well-reasoned opinion, but we are compelled to note several points. First, as we noted in *State v. Linder*, "Polling is a practice whereby the court determines from the jurors individually whether they assented and still assent to the verdict." 276 S.C. 304, 308, 278 S.E.2d 335, 338 (1981) (emphasis added). "Individual" polling requires each juror to be individually questioned as to whether they "assented and still assent to the verdict." *Id.* Individual polling is commonly accomplished by separately asking each juror, "Was this your verdict?" If the answer to that question is "yes," the customary follow-up question is, "Is this still your verdict?"

This takes us to the rule we set forth in *Linder*: "If the request [for individual polling] is made, a poll must be taken." *Id.* at 309, 278 S.E.2d at 338. Our holding in *Linder* is not an empty one, and we agree with the court of appeals that the denial of a defendant's request for individual polling is reversible per se.

Second, while not directly an issue in the case now before us, we conclude a request, if any, for individual polling must be made immediately after the verdict is published. We note the common practice for collective polling to be conducted immediately after the verdict is published; when collective polling is conducted, the request, if any, for individual polling must take place immediately after the collective polling is concluded.

Finally, lest there be any confusion on the point, our decision in *Green v. State*, 351 S.C. 184, 569 S.E.2d 318 (2002), is undisturbed by our affirmation of the court of appeals' holding. In a criminal case, trial counsel does not have an affirmative duty to request the trial court to poll the jury. *Id.* at 196, 569 S.E.2d at 324.

We affirm the court of appeals.

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.**