# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Quinterris Javon Carmichael, Respondent.

Appellate Case No. 2025-001214

and

The State, Petitioner,

v.

Tirik J. Johnson-Epps, Respondent.

Appellate Case No. 2025-001215

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Florence County
D. Craig Brown, Circuit Court Judge

---

Opinion No. 28332
Heard March 31, 2026 – Filed May 13, 2026

---

## AFFIRMED

---

Attorney General Alan McCrory Wilson, Deputy Attorney
General Donald J. Zelenka, Senior Assistant Deputy

Attorney General Melody Jane Brown, and Assistant Attorney General W. Joseph Maye, all of Columbia; and Solicitor Edgar Lewis Clements III, of Florence, all for Petitioner.

Appellate Defender Joanna Katherine Delany, of Columbia, for Respondent Quinterris Javon Carmichael; and Appellate Defender Jessica M. Saxon, of Columbia, for Respondent Tirik J. Johnson-Epps.

---

**PER CURIAM:** This appeal addresses whether individual juror polling, when requested, is mandatory or may be denied by the trial court. In November 2020, the court of appeals decided the case of *State v. Wright* and held the denial of a request for individual polling to be reversible error *per se*. 432 S.C. 365, 373, 852 S.E.2d 468, 472 (Ct. App. 2020), *aff'd*, 439 S.C. 101, 886 S.E.2d 206 (2023). In a thoughtful opinion, the court of appeals noted that the "right to poll the jury is not in itself a constitutional right but a procedural protection of the defendant's constitutional right to a unanimous verdict." *Id.* at 369, 852 S.E.2d at 470. Central to the court's holding was the unassailable point that "[d]enial of the polling right . . . defies harmless error analysis." *Id.* at 371, 852 S.E.2d at 472.

On June 28, 2022, we granted certiorari to review the court of appeals' decision in *Wright*. We affirmed the court of appeals on March 1, 2023. In the case before us today, Respondents Quinterris Carmichael and Tirik Johnson-Epps were convicted by a jury of murder and possession of a weapon during the commission of a violent crime on January 25, 2023. Respondents' trial and convictions occurred after the court of appeals decided *Wright*, but before our affirmance of *Wright*. Respondents requested the trial court conduct individual polling of the jury, a request supported by the State. The trial court denied the request, apparently due to concerns about the jurors' safety.[1]

Respondents appealed, arguing—in line with *Wright*—that the trial court's refusal to individually poll the jury was reversible error. The court of appeals agreed and reversed Respondents' convictions. We granted the State's petition for a writ of

---

[1] While we surmise the denial was based on concerns with juror safety, it is unclear from the record exactly why the trial court denied the unchallenged request to conduct individual juror polling.

certiorari to review the court of appeals' decisions.

This Court has long recognized that individual polling requires the trial court to separately question each juror as to whether they "assented and still assent to the verdict." *State v. Linder*, 276 S.C. 304, 308, 278 S.E.2d 335, 338 (1981). This individual inquiry is critical, for it provides a criminal defendant with his most meaningful opportunity to ensure that each juror freely and unequivocally agrees with the verdict rendered. *See Humphries v. District of Columbia*, 174 U.S. 190, 194 (1899) ("That, generally, the right to poll a jury exists, may be conceded. Its object is to ascertain for a certainty that each of the jurors approves of the verdict as returned; that no one has been coerced or induced to sign a verdict to which he does not fully assent.").

The State concedes the trial court erred by refusing to individually poll the jurors. The State requests that we revisit and modify *Wright* by subjecting the failure to individually poll the jury to harmless error review. We are unpersuaded by the State's argument. Indeed, an "individual poll is the best chance the trial court and the parties have to ensure the sanctity and unanimity of the verdict." *Wright*, 432 S.C. at 372, 852 S.E.2d at 472. If anything, the need for individual juror polling to confirm the verdict and ensure unanimity is heightened in cases where jurors may be exposed to outside threats or influence. Having carefully reviewed the State's challenge, we reaffirm our holding in *Wright* that—when requested—the failure to individually poll the jury to affirm its verdict is reversible *per se*.

While the trial court retains discretion to determine the manner of conducting jury polling, whether for safety concerns or otherwise, the trial court must—when requested—conduct individual polling of the jurors. We trust our able trial court judges to abide by the law. In adhering to *Wright*, we affirm the court of appeals' decisions reversing Respondents' convictions.

**AFFIRMED.**

**KITTREDGE, C.J., JAMES, HILL, and VERDIN, JJ., and Acting Justice Eugene C. Griffith, Jr., concur.**