## 20171

The STATE, Respondent, v. Joseph Gilliam FOWLER, Appellant.

(222 S. E. (2d) 497)

James E. Hunter, Esq., of *Hunter & McWhirter*, West Columbia, *for Appellant*,

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, *for Respondent,*

February 18, 1976.

NESS, Justice:

Appellant, Joseph Fowler, was convicted in the Court of General Sessions of Lexington County of accessory after the fact of the murder of highway patrolman Benjamin Strickland, a resident of Lexington County and member of the highway patrol for seventeen years. Appellant was sentenced to ten years imprisonment. He urges error by way of three exceptions, none of which support reversal.

(1) Did the trial judge abuse his discretion in refusing to grant appellant's motion for a change of venue, made immediately prior to trial, which was based on prejudicial pretrial publicity?

(2) Did the trial judge abuse his discretion in refusing the appellant's motion for a judgment N.O.V. or, in the alternative, a new trial, based on the fact the jury verdict was the product of passion and prejudice?

(3) Was the appellant entitled to a directed verdict at the end of the State's case?

Patrolman Strickland was killed in Lexington County on May 31st. The appellant's trial commenced on September 10th. In support of his motion for a change of venue, the appellant introduced eleven articles, each printed in a newspaper with wide circulation in Lexington County. The articles were reports of the murder and of the manhunt for the appellant and another suspect. Most of the articles were published in May or June, however, three were published in September. One June article quoted a local member of the House of Representatives as saying the suspect had an "alarmingly long criminal record" and that the judge who placed him on probation had "the blood of Ben Strickland" on his hands. Otherwise, the articles were generally factual.

In addition, the appellant introduced evidence that the manhunt for the appellant was the largest in the history of Lexington County, that the Sheriff had been interviewed by local radio and television stations relative to the investigation, and that local banks had instituted a Ben Strickland Memorial Fund.

Finally, appellant introduced affidavits of six local attorneys who stated they did not believe the appellant could receive a fair trial in Lexington County. The basis for their conclusion was the popularity of Patrolman Strickland and the intensity of pretrial publicity.

The State did not resist the motion with counter affidavits or otherwise, except by observing the courtroom was sparsely attended. The State argued the atmosphere at the time of trial was routine and any emotion stirred by the tragic homicide and widespread news coverage had subsided by the time of trial.

The trial judge overruled the motion for a change of venue, reserving a final ruling until he had the opportunity to conduct a *voir dire* examination of the prospective jurors.

In addition to the routine statutory questions,[1] the court asked each juror twelve questions. The questions were largely addressed to the issue of whether the juror's objectivity had been contaminated by adverse pretrial publicity. For unknown reasons, the responses to these questions are not contained in the transcript; however, the trial judge was satisfied the jurors were free from disabling prejudices. Furthermore, the trial judge had announced he would reconsider the motion for a change of venue, if the responses indicated the jurors were prejudiced by the pretrial publicity. No motion for a change of venue, predicated on the jurors' answers, was made. Hence, we must assume the responses did not support the earlier motion.

A change of venue is addressed to the judicial discretion of the trial judge. The *voir dire* examination supports the trial judge's exercise of his discretion. The procedure adopted by the judge was in accordance with that approved in *State v. Crowe,* 258 S. C. 258, 188 S. E. (2d) 379 (1972), cert. den. 409 U. S. 1077, 93 S. Ct. 691, 34 L. Ed. (2d) 666.

When an appellant alleges he was denied a fair trial due to pretrial publicity, normally he must show the jurors were aware of the publicity and that the publicity constituted legal prejudice. *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607 (1967). Moreover, recently we quoted applicable language from *Irvin v. Dowd,* 366 U. S. 717, 81 S. Ct. 1639, 66 L. Ed. 751 (1961) which states that mere exposure to adverse publicity does not automatically disqualify a prospective juror. "It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." 366 U. S. p. 723, 81 S. Ct. p. 1643, quoted in *DeLee v. Knight,* Sheriff of Dorchester County, Smith's December 31, 1975.

---

[1] S. C. Code 38-202 (1962).

The surrounding circumstances and the impact of pretrial publicity *at the time* of trial is the focus of any inquiry concerning prejudicial publicity. Absent extraordinary circumstances, the ruling of the trial judge, developed through adequate *voire dire* examination of the jurors, that the objectivity of the jury panel has not been polluted with outside influence, will not be disturbed. *Wansley v. Slayton,* 487 F. (2d) 90 (4th Cir. 1973). The facts in the instant appeal are measurably different from the massive publicity and community hostility which occasioned reversal of convictions in *Irvin v. Dowd, supra* and *Sheppard v. Maxwell,* 384 U. S. 333, 362, 86 S. Ct. 1507, 16 L. Ed. (2d) 600 (1966). Accordingly, this exception is overruled.[2]

The second and third exceptions primarily challenge the sufficiency of the evidence and the conduct of the jury in arriving at a verdict. We have considered each exception, but find them without merit. A review of the record would not serve any useful purpose. Accordingly, these exceptions are overruled without discussion.

Affirmed.

LEWIS, C. J., LITTLEJOHN and RHODES, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.

---

[2] This Court previously denied the application of appellant's trial counsel, for dismissal of this appeal pursuant to *Anders v. California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967). At that time, the newspaper articles were not before the Court. Further, a complete review of this issue was necessary.