21592

The STATE, Respondent, v. Ronald Raymond WOOMER, Appellant.
(284 S. E. (2d) 317)

*David I. Bruck* and *Chief Atty. John L. Sweeney of the S. C. Office of Appellate Defense,* Columbia, and *Auburn J. Bridge* and *Arthur C. Boensch,* Walterboro, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Brian P. Gibbes,* Columbia, and *Sol. Randolph Murdaugh,* Hampton, *for respondent.*

November 10, 1981.

NESS, Justice:

Appellant, Woomer was convicted for the murder of John Turner in Colleton County and sentenced to death. Based on the multiple and egregious errors committed at trial we reverse and remand as to both the guilt and sentencing proceedings.

Woomer was charged, along with a co-conspirator, Skaar, with carrying out a planned scheme to rob and kill Turner. There is evidence to the effect that Woomer, after stealing Turner's coin collection and numerous suits of clothes, marched him (Turner) into a back room and killed him with a single pistol shot in the head. This killing was one of several in a series that took place the same day. The other killings occurred in Horry County, where Woomer was prosecuted in other actions. Woomer's conviction and death sentence in Horry County were remanded for a new trial of the sentencing phase in *State v. Woomer,* S. C., 277 S. E. (2d) 696 (1981).

Appellant has raised numerous exceptions to this conviction and death sentence.

First, appellant asserts his conviction should be reversed on the solicitor's improper cross examination of appellant concerning the facts of the murder itself, after the trial court had allowed the appellant to take the stand in the jury's presence for the limited purpose of establishing the voluntariness of his confession. We agree and remand for a new trial. This should have been done at an in camera hearing.

During the guilt phase of the trial, Woomer was allowed to testify solely as to the voluntariness of his confession. We know of no rule of procedure or principle of law which allows a defendant to take the stand in the presence of the jury for a limited purpose. The general rule is that once the defendant takes the stand in his own behalf, he waives any privilege against compulsory self incrimination and must answer all proper questions. *State v. Gilbert & Gleaton,* 273 S. C. 690, 258 S. E. (2d) 890 (1979); *Brown v. United States,* 356 U. S. 148, 78 S. Ct. 622, 2 L. Ed. (2d) 589, cert. den., 356 U. S. 948, 78 S. Ct. 776, 2 L. Ed. (2d) 822 (1958). However, this is not an issue here and we will only consider the cross examination by the solicitor as raised in the exceptions.

On cross examination, the solicitor asked, "don't you want to tell the jury exactly what happened that day?" The trial court sustained an objection to this question and the solicitor showed appellant his confession and asked, "what you told them here was the truth, wasn't it?" (Tr. 544, f. 6-21).

This cross examination went to the question of appellant's guilt or innocence and violated the limitation the trial court had placed on the scope of appellant's testimony. Once the trial court induced appellant to testify by limiting the scope of the testimony, Woomer had a right to rely on that assurance, and the solicitor's violation of the limited scope of cross examination was fundamentally unfair. *Johnson v. U. S.*, 318 U. S. 189, 63 S. Ct. 549, 87 L. Ed. 704 (1943), as cited in *Doyle v. Ohio*, 426 U. S. 610, 96 S. Ct. 2240, 49 L. Ed. (2d) 91 (1976).

Such a fundamental unfairness warrants reversal even though the trial court offered a curative instruction. The solicitor's violations are so prejudicial in light of these circumstances, that it would be naive to assume the court's instruction could remedy such unfairness. *State v. Kennedy*, 272 S. C. 231, 250 S. E. (2d) 338 (1978).

Next, appellant argues the trial court erred in submitting three aggravating circumstances to the sentencing jury where the second and third were included in the first.

Section 16-3-20(C), 1976 S. C. Code of Laws (1980 Cum. Supp.) states, "the judge—shall include in his instruction to the jury for it to consider, . . . *any* of the [enumerated] statutory aggravating circumstances . . . which may be supported by the evidence." (Emphasis supplied.)

The trial judge submitted, and the jury found, the following statutory aggravating circumstances:

1) Robbery while armed with a deadly weapon;

2) That Woomer commited murder for the purpose of receiving money or any other thing of monetary value;

3) Larceny with a deadly weapon.

All three circumstances charged are included in § 16-3-20(C) and thus are proper as determined by the general assembly. This exception is without merit. See *State v. Gilbert & Gleaton*, S. C., 283 S. E. (2d) 179 (1981).

Appellant also contends the trial court erred in its charge to the jury during the sentencing phase of the trial. We agree.

"We have interpreted this State's Death Penalty Statute to require the trial judge instruct the jury that it could effectively

impose life imprisonment instead of death even if it found one or more statutory aggravating circumstance(s). Failure to so charge may require a death penalty sentence to be vacated. *State v. Tyner*, 273 S. C. 646, 258 S. E. (2d) 559 (1979); *State. v. Goolsby*, 275 S. C. 110, 268 S. E. (2d) 31 (1980).

The required charge was not given. . . .

No principle of law is more firmly established than the solemn duty of the court to determine the law of the case and declare it to the jury. That jury is bound by, and must accept and be governed by, the instructions of the court. 75 Am. Jur. (2d), Trial, § 574." *State v. Woomer*, 277 S. E. (2d) at 701.

Here, the required charge was not given, thus, we reverse as to the sentencing phase as well.

Finally, appellant alleges the closing argument of the solicitor at the sentencing phase of the trial was so prejudicial that it denied him a fair trial. We addressed this same error by this same solicitor in *State v. Linder*, S. C., 278 S. E. (2d) 335 (1981), where we admonished the solicitor in his closing argument to stay "within the record and its reasonable inferences . . ." citing *State v. Durden*, 264 S. C. 86, 212 S. E. (2d) 587 (1975) and 23 CJS, Criminal Law, § 1107. We adhere to our holding in *Linder* and remand this case for a new trial as to the sentencing phase.

"While the solicitor should prosecute vigorously, *State v. Davis*, 239 S. C. 280, 122 S. E. (2d) 633, his duty is not to convict a defendant but to see justice done. *State v. Allen*, 266 S. C. 468, 224 S. E. (2d) 881 (1976). The solicitor's closing argument must, of course, be based upon this principle. The argument therefore must be carefully tailored so as not to appeal to the personal bias of the juror nor be calculated to arouse his passion or prejudice. *State v. White*, 246 S. C. 502, 144 S. E. (2d) 481 (1965). The trial judge is vested with a broad discretion in dealing with the propriety of the argument of the solicitor to the jury. *State v. Durden, supra.* Once the trial judge has allowed the argument to stand, as here, the defendant must bear the burden of demonstrating that the argument in effect denied him a fair determination of his guilt or

innocence. On appeal, this Court will review the alleged impropriety of argument in the context of the entire record." *State v. Linder,* at page 339.

Here, the solicitor attempted to minimize the jurors' own sense of responsibility for appellant's fate by stressing that he had himself already made the same decision that he was now asking them to make.

"You know, the initial burden in this case was not on you all. It was on me. I am the only person in the world that can decide whether a person is going to be tried for his life or not. I mean I had the same thing you all did. I had to make up my mind in regards to this and under the law, if there is any question about it, you ask the judge, I have to make the first decision as to whether or not a person is going to be tried for the electric chair. If I didn't want him tried for the electric chair, there is no way the Sheriff or anybody else can make it happen. I had to make this same decision, so I have had to go through the same identical thing that you all do. It is not easy." ( Tr. 629, f. 1-12).

When a solicitor's personal opinion is explicitly injected into the jury's deliberations as though it were in itself evidence justifying a sentence of death, the resulting death sentence may not be free from the influence of any arbitrary factor as required by S. C. Code § 16-3-25(C)(1), and by the Eighth Amendment to the United States Constitution. *Gardner v. Florida,* 430 U. S. 349, 97 S. Ct. 1197, 51 L. Ed. (2d) 393 (1977); *Beck v. Alabama,* 447 U. S. 625, 100 S. Ct. 2382, 65 L. Ed. (2d) 392 (1980). Accordingly, the Solicitor's jury arguments in this case require that appellant's sentence of death be set aside.

Reversed and Remanded for a new trial.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and WILLIAM H. BALLENGER, Acting Associate Justice, concur.