436 S.E.2d 178 (1993)
The STATE, Respondent,
v.
Michael Eugene ELKINS, Appellant.
No. 23939.
Supreme Court of South Carolina.
Heard January 18, 1993.
Decided October 4, 1993.
Rehearing Denied November 1, 1993.
John H. Blume and Mickell Branham of South Carolina Death Penalty Resource Center, and South Carolina Office of Appellate Defense, Columbia, for appellant.
Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, and Asst. Attys. Gen. Harold M. Coombs, Jr., and William Edgar Salter, III, Columbia, and Sol. Randolph Murdaugh, III, Hampton, for respondent.
CHANDLER, Justice:
Appellant Michael Eugene Elkins (Elkins) was convicted of murder and armed robbery and sentenced to death. We consolidate his direct appeal and the mandatory review provisions of S.C.Code Ann. § 16-3-25 (1985).
We affirm Elkins' convictions and sentence.

FACTS
On July 6, 1990, Elkins, driving north on Interstate 95 in Florida, picked up a hitchhiker, Ralph Martin Garner (Garner). Near the Georgia/South Carolina border, the two stopped to help a stranded motorist, Patricia Whitt (Victim), whose car had overheated. Garner filled Victim's car radiator with water and determined she needed anti-freeze. They reentered their cars and went to a gas station where Victim bought a gallon of anti-freeze. Garner filled her radiator, then filled the empty container with water and placed it in the *179 back seat of Victim's car; Victim gave Garner $10 for his assistance.
Elkins, Garner and Victim then proceeded north on the interstate, Victim following Elkins and Garner. Shortly after entering South Carolina, Elkins pulled his car over on the shoulder, followed by Victim.
Elkins and Garner approached Victim's car, and Garner retrieved the container of water from Victim's back seat. Garner testified he and Elkins went back to Elkins' car where Elkins dumped the water, pretending to put it in the radiator of his car. According to Garner, as he replaced the container in the back seat of Victim's car, Elkins began stabbing Victim. Garner testified he tried to assist Victim but she pulled away from him. He managed to pull Victim out of her car and was attempting to get her up from the ground when Elkins grabbed him and shoved him into Elkins' car; Elkins and Garner drove off down the highway.
Victim staggered into the roadway where she attracted the attention of other people traveling on the highway. Victim, blood spurting from a wound on her neck, reportedly told people at the scene that she had been robbed and stabbed by two men. She died within minutes, asphyxiated by her own blood, having been stabbed eight times.
A short time later, a police officer stopped Elkins' car due to a burned out taillight. Elkins fled, escaping into the woods; Garner was arrested. Victim's purse, her camera, and a bloody knife were discovered in Elkins' car. Elkins was arrested several days later in Texas; he had given his girlfriend three of Victim's rings.
Garner was tried and acquitted of Victim's murder and armed robbery. Elkins was tried several months later and convicted of murder and armed robbery, and sentenced to death.

ISSUES
1. Did the Solicitor's guilt phase closing argument deny Elkins a fair trial?
2. Were both aggravating circumstances of (a) murder in the commission of armed robbery and (b) murder in the commission of larceny with a deadly weapon properly submitted to the sentencing phase jury?

DISCUSSION

I. Solicitor's Closing

During the guilt phase of Elkins' trial, numerous references were made to Garner's trial.
In closing argument, the Solicitor stated:
Y'all heard the testimony of Ralph Garner. They attempted to make something out of it that he had changed his story. He got on that witness stand and he told y'all, and to be honest with you, I think he should have been convicted at the last trial. I don't know whether y'all know that he wasn't, but I'm sure that you well, I think all of you know that he wasn't convicted. I personally, if I'd been on the jury 
The trial judge immediately interrupted:
The Court: Solicitor? Ladies and gentlemen, I don't think we ought to ... That's outside of the facts of this particular case and I'm going to instruct the jurors to disregard any inference or any reference to that whatsoever.

Solicitor: Okay, sir. May I 
The Court: No, sir, I'm going to instruct you not to refer to any other trials. Let's confine ourselves 
Solicitor: Okay, sir.
The Court:  to this trial. (Emphasis supplied).
Elkins did not object to the Solicitor's comment or the Judge's immediate curative instruction, nor did he move for a mistrial.
Elkins now contends that the comment was so prejudicial and inflammatory as to deny him a fair trial. We disagree.
Notwithstanding no objection was made, the trial judge sua sponte instructed the jury that the comments were outside the record and that the jurors should "disregard any inference or any reference to that whatsoever." If the remarks were *180 prejudicial, the Court's instruction was sufficient to cure any error. State v. Dawkins, 297 S.C. 386, 392, 277 S.E.2d 298, 302 (1989).
We hold that, under the circumstances, the Solicitor's comments did not "so infect the trial with unfairness as to make the resulting conviction a denial of due process." State v. Hawkins, 292 S.C. 418, 421, 357 S.E.2d 10, 12 (1987) [citing Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)].

II. Aggravating Circumstances

Elkins asserts that submission of both (1) murder in the commission of armed robbery and (2) murder in the commission of larceny with a deadly weapon, impermissibly allowed the State to "stack" aggravating circumstances, in violation of the eighth amendment.
This Court rejected the same contention in State v. Woomer, 277 S.C. 170, 173, 284 S.E.2d 357 (1981). See also State v. Gilbert and Gleaton, 277 S.C. 53, 283 S.E.2d 179 (1981) cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 863 (1982) (death sentence upheld upon jury's finding aggravating circumstances of both "robbery while armed with a deadly weapon" and "larceny with the use of a deadly weapon.") We find no error.
Assuming arguendo, as Elkins contends, that the statutory aggravating circumstances of "murder during commission of armed robbery" and "murder during commission of larceny while armed with a deadly weapon" are, under the facts presented, duplicitous, Elkins' death sentence does not require reversal. Zant v. Stephens, 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983).
Here, Elkins was convicted, at guilt phase, of armed robbery; there was clearly sufficient evidence to support the sentencing phase jury's finding of that aggravating circumstance. Under our capital sentencing scheme, a jury does not "weigh" aggravating circumstances. State v. Bellamy, 293 S.C. 103, 359 S.E.2d 63 (1987); State v. Plath, 281 S.C. 1, 313 S.E.2d 619 (1984). Accordingly, the failure of one aggravating circumstance does not so taint the proceedings as to require reversal where there remains a valid aggravating circumstance upon which the sentence of death is based. Zant v. Stephens, supra; State v. Rault, 445 So.2d 1203 (La.1984); see also State v. Elmore, 286 S.C. 70, 332 S.E.2d 762 (1985) vacated on other grounds 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 353, appeal after remand, 300 S.C. 130, 386 S.E.2d 769, cert. denied 496 U.S. 931, 110 S.Ct. 2633, 110 L.Ed.2d 652. The error, if any, in submission of "larceny with the use of a deadly weapon" is harmless beyond a reasonable doubt.
Moreover, this Court's mandatory review of Elkins' sentence ensures that the penalty is not arbitrary or capricious. Zant v. Stephens, supra.
We have reviewed the entire record and find the death sentence was not the result of passion, prejudice or other arbitrary factors, and the evidence supports the jury's finding of aggravating circumstances. S.C.Code Ann. § 16-3-25 (1985). The sentence is proportionate to the penalty imposed in similar cases. See, State v. Johnson, 306 S.C. 119, 410 S.E.2d 547 (1991); State v. Green, 301 S.C. 347, 392 S.E.2d 157 (1990) cert. denied, 498 U.S. 881, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990); State v. Patterson, 299 S.C. 280, 384 S.E.2d 699 (1989).
Elkins' remaining issues are affirmed pursuant to Rule 220(b)(1) SCACR and the following authorities: (Issue 1): State v. Fowler, 266 S.C. 203, 222 S.E.2d 497 (1976); State v. Caldwell, 300 S.C. 494, 388 S.E.2d 816 (1990); (Issue 2): State v. Bell, 302 S.C. 18, 393 S.E.2d 364 (1990); (Issue 3): State v. Gilstrap, 205 S.C. 412, 32 S.E.2d 163 (1944); (Issue 5): State v. Ciesiellski, 213 S.C. 513, 50 S.E.2d 194 (1948); State v. Massey, 267 S.C. 432, 229 S.E.2d 332 (1976); (Issue 6): State v. Davis, ___ S.C. ___, 422 S.E.2d 133 (1992); (Issue 7): State v. Bell, 305 S.C. 11, 406 S.E.2d 165 (1991); (Issue 8): State v. Patterson, 285 S.C. 5, 327 S.E.2d 650 (1984); (Issues 10 & 11): State v. Gaskins, 284 S.C. 105, 326 S.E.2d 132 (1984); (Issue 12): State v. Patterson, 299 *181 S.C. 280, 384 S.E.2d 699 (1989); State v. Jones, 298 S.C. 118, 378 S.E.2d 594 (1989); State v. Elmore, 279 S.C. 417, 308 S.E.2d 781 (1983).
Elkins' convictions and sentence are
AFFIRMED.
HARWELL, C.J., and MOORE, J., concur.
FINNEY and TOAL, JJ., dissenting in separate opinion.
FINNEY, Justice (dissenting):
I respectfully dissent. I would hold that the appellant was prejudiced by the guilt phase closing argument of the solicitor and thereby denied the right to a fair trial. I would reverse and remand for a new trial.
The following argument and colloquy transpired during the solicitor's closing argument in the guilt phase of appellant's bifurcated trial.
Solicitor Murdaugh: Y'all heard the testimony of Ralph Garner. They attempted to make something out of it that he had changed his story. He got on that witness stand and he told y'all, and to be honest with you, I think he should have been convicted at the last trial. I don't know whether y'all know that he wasn't, but I'm sure that youwell, I think all of you know that he wasn't convicted. I personally, if I'd been on the jury
The Court: Solicitor? Ladies and gentlemen, I don't think we ought to.... That's outside of the facts of this particular case and I'm going to instruct the jurors to disregard any inference or any reference to that whatsoever.
Mr. Murdaugh: Okay, sir. May I ___
The Court: No, sir, I'm going to instruct you not to refer to any other trials. Let's confine ourselves 
Mr. Murdaugh: Okay, sir.
The Court: ___ to this trial.
Appellant's co-defendant, Ralph Garner was called to testify by the state; and I construe the solicitor's comment concerning Garner's testimony as an attack upon the credibility of his own witness, in contravention of the holding in State v. Bailey, 298 S.C. 1, 377 S.E.2d 581 (1989). The solicitor then informed appellant's jury that Garner had been acquitted  a fact outside the record and beyond the permissible scope of argument. State v. Caldwell, 300 S.C. 494, 388 S.E.2d 816 (1990).
The solicitor continued his argument with the statement that co-defendant Garner "had not been convicted at the last trial" and interjected the opinion that the solicitor thought "he should have been." This Court held in State v. Sloan, 278 S.C. 435, 298 S.E.2d 92 (1982), that it was improper for the solicitor to argue that if the defendant was not convicted, the murder would remain unsolved. The Sloan Court concluded that the guilt phase closing argument of the solicitor impermissibly invited the jury to base its decision on fear and speculation, both arbitrary factors affecting determination of the defendant's guilt. Our Court addressed this issue in State v. Woomer, 277 S.C. 170, 175, 284 S.E.2d 357, 359 (1981), as follows:
When a solicitor's personal opinion is explicitly injected into the jury's deliberations as though it were in itself evidence justifying a sentence of death, the resulting death sentence may not be free from the influence of any arbitrary factor as required by S.C.Code § 16-3-25(C)(1), and by the Eighth Amendment to the United States Constitution. Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.(2d) 393 (1977); Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.(2d) 392 (1980). Accordingly, the solicitor's jury arguments in this case require that appellant's sentence of death be set aside.
Collaterally, the majority opinion assigns undue weight to the fact that appellant's trial attorney did not object to the solicitor's comments and did not move for a mistrial. The record reflects that this review was conducted in favorem vitae.[1] *182 The majority finds, alternatively, that the trial judge's curative instructions eliminated any prejudice arising from the improper argument. I would hold that the harm resulting from comments so egregiously prejudicial was incapable of remediation by a curative instruction from the court. However, even if a curative charge could have sufficed, the trial judge's "mere general remark excluding the evidence" was inadequate as a corrective instruction. See State v. Smith, 290 S.C. 393, 350 S.E.2d 923 (1986).
The majority relies upon State v. Dawkins, 297 S.C. 386, 392, 377 S.E.2d 298, 302 (1989), to support its holding that the erroneous argument in the case now under consideration was cured by the trial judge's subsequent instruction. As I read the case, Dawkins is distinguishable in at least three significant particulars in that, first, it was not a capital case. Second, the improper argument in Dawkins was made during opening statements  not closing arguments. Third, in his opening statement, the solicitor called upon the Dawkins jury to "listen closely to all the evidence, every witness the State has and every witness for the defense. Once you see the two stories side by side and hear the testimony, you'll be convinced ..." The ensuing curative charge by the trial judge was specific and included a declaration that the defense was not required to put up any evidence. On appeal, the instruction was upheld as sufficient to cure the error. Furthermore, we noted that any prejudice resulting from the solicitor's opening comments concerning the defendant's prospective evidence was cured by the fact that the defendant did testify  and presented 24 other witnesses.
Conversely, it is clear from the record before us that under the facts of this case and in light of the applicable law, the solicitor's closing argument "so infected the trial with unfairness" as to result in a denial of appellant's due process rights, in violation of State v. Hawkins, 292 S.C. 418, 421, 357 S.E.2d 10, 12 (1987); and the mandate of Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).
I would hold that the closing argument of the solicitor interjected an arbitrary factor into the jury's consideration and denied the appellant a fair trial, in violation of the eighth amendment of the United States Constitution. I would reverse and remand for a new trial.
TOAL, J., concurs.
NOTES
[1] This case was tried approximately six weeks before the decision in State v. Torrence, 305 S.C. 45, 406 S.E.2d 315 (1991), which abolished the doctrine of in favorem vitae.