THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Michael D.
 Jackson, Appellant.
 
 
 

Appeal from Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No.  2011-UP-522  
 Submitted November 1, 2011  Filed
December 1, 2011

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Attorney General Salley W. Elliott,
 and Senior Assistant  Attorney General Harold M. Coombs, Jr., all of Columbia;
 and Solicitor Daniel E. Johnson, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Michael
 D. Jackson appeals his conviction for armed robbery, arguing the circuit court
 erred in denying his motion to redact his written statement and by not charging
 the jury with the lesser-included offense of strong arm robbery.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to
 whether the circuit court erred in denying Jackson's motions to redact portions of his written statement:  State
 v. McWee, 322 S.C. 387, 393, 472 S.E.2d 235, 239 (1996) (holding error
 without prejudice does not warrant reversal); State
 v. Mansfield, 343 S.C. 66, 77, 538 S.E.2d
 257, 263 (Ct. App. 2000) (holding the admissibility of evidence is within the
 sound discretion of the circuit court and will not be reversed on appeal absent
 an abuse of discretion).
2.  As to whether the
 circuit court erred in refusing to charge the lesser included offense of strong
 arm robbery:  State v. Rivera, 389 S.C. 399, 404, 699 S.E.2d 157, 159
 (2010) ("The law to be charged must be determined from the evidence
 presented at trial."); State v. Hernandez, 386 S.C. 655, 659, 690
 S.E.2d 582, 584 (Ct. App. 2010) (holding the circuit court's refusal to give a
 requested jury charge must be both erroneous and prejudicial to the defendant
 to warrant reversal).  
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.