**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Christopher Spriggs, Petitioner.

Appellate Case No. 2014-000771

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

---

Memorandum Opinion No. 2015-MO-034
Heard May 19, 2015 – Filed June 10, 2015

---

**REVERSED**

---

John H. Blume III, of Blume Norris & Franklin-Best, LLC, and Emily C. Paavola, both of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

---

**PER CURIAM:**   We reverse the court of appeals' opinion, *State v. Spriggs*, Op. No. 2013-UP-435 (S.C. Ct. App. filed Nov. 27, 2013), and remand for a new trial pursuant to Rule 220(b)(1), SCACR, and the following authorities:  *State v. Lemire*, 406 S.C. 558, 565, 753 S.E.2d 247, 251 (Ct. App. 2013) ("In criminal cases an appellate court sits to review errors of law only. An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion. An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (internal quotation marks omitted) (citations omitted)); *see also State v. Jones*, 343 S.C. 562, 578, 541 S.E.2d 813, 821 (2001) ("Appellant reasonably relied upon the judge's representation that he intended to give that charge to the jury. The decision to alter the charge, after the argument, was fundamentally unfair."  (internal citations omitted)); *State v. Woomer*, 277 S.C. 170, 173, 284 S.E.2d 357, 358 (1981) ("Once the trial court induced appellant to testify by limiting the scope of the testimony, Woomer had a right to rely on that assurance, and the solicitor's violation of the limited scope of cross examination was fundamentally unfair."); *cf. State v. McWee*, 322 S.C. 387, 395–96, 472 S.E.2d 235, 240 (1996) (Finney, C.J., dissenting) ("The trial judge initially granted appellant's request to charge the jury in the penalty phase that appellant would not be eligible for parole for thirty years if the jury found an aggravating circumstance and recommended a life sentence. This initial ruling was made prior to jury voir dire, and profoundly influenced that process, the selection of jurors, and the presentation of the guilt phase evidence. It was not until after the jury had returned the guilty verdicts that appellant's attorneys learned the judge had changed his mind and decided not to give the charge. Whether or not the initial ruling was the proper one, it is fundamentally unfair to change the ground rules in mid-trial." (citation omitted)).

**REVERSED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and Acting Justice James E. Moore, concur.**