**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jesus Martinez, Appellant.

Appellate Case No. 2016-000527

---

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-462
Submitted November 1, 2017 – Filed December 13, 2017

---

**AFFIRMED**

---

Fletcher N. Smith, Jr., of Law Firm of Fletcher N. Smith, Jr., LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, all for Respondent.

---

**PER CURIAM:** Jesus Martinez appeals his conviction of assault and battery of a high and aggravated nature, arguing (1) the trial court erred by not directing a verdict of acquittal or granting a new trial and (2) the law of assault and battery of

a high and aggravated nature is void for vagueness.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Martinez's first argument: *State v. Moore*, 374 S.C. 468, 474, 649 S.E.2d 84, 86 (Ct. App. 2007) ("On appeal, [this court is] limited to determining whether the trial [court] abused [its] discretion."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("On appeal from the denial of a directed verdict, this [c]ourt must view the evidence in the light most favorable to the State."); *State v. Zeigler*, 364 S.C. 94, 103, 610 S.E.2d 859, 863 (Ct. App. 2005) ("The appellate court may reverse the trial [court's] denial of a motion for a directed verdict only if there is no evidence to support the [court's] ruling."); *State v. McKnight*, 352 S.C. 635, 642, 576 S.E.2d 168, 171 (2003) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); *Sellers v. State*, 362 S.C. 182, 188, 607 S.E.2d 82, 85 (2005) ("When ruling on a criminal defendant[']s motion for directed verdict, a trial court is concerned with the existence of evidence, not its weight.").

2. As to Martinez's second argument: *State v. Nichols*, 325 S.C. 111, 120, 481 S.E.2d 118, 123 (1997) ("An issue may not be raised for the first time on appeal, but must have been raised to the trial [court] to be preserved for appellate review."); *State v. Varvil*, 338 S.C. 335, 339, 526 S.E.2d 248, 250 (Ct. App. 2000) ("Constitutional arguments are no exception to the [error preservation] rule, and if not raised to the trial court are deemed waived on appeal."); *State v. McWee*, 322 S.C. 387, 391-92, 472 S.E.2d 235, 238 (1996) (holding that a constitutional argument is not preserved where appellant failed to raise the argument at trial).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.